Markman, J. (dissenting).
 

 I respectfully dissent from this Court's order denying leave to appeal. Instead, I would grant leave to appeal to reconsider this Court's holdings in
 
 Mich. Baptist Homes & Dev. Co. v. Ann Arbor
 
 ,
 
 396 Mich. 660
 
 ,
 
 242 N.W.2d 749
 
 (1976), and
 
 Retirement Homes of the United Methodist Church v. Sylvan Twp.
 
 ,
 
 416 Mich. 340
 
 ,
 
 330 N.W.2d 682
 
 (1982), in light of our more recent holding in
 
 Baruch SLS, Inc. v. Tittabawassee Twp.
 
 ,
 
 500 Mich. 345
 
 ,
 
 901 N.W.2d 843
 
 (2017). More specifically, I would grant to consider whether this Court's holding in
 
 Baruch
 
 logically compels an alternative analysis for determining whether a charitable institution is precluded from receiving a property tax exemption under MCL 211.7o because its property is not "occupied by [it] solely for the purposes for which [it] was incorporated...." MCL 211.7o(1).
 

 Petitioner United Methodist Retirement Communities seeks a tax exemption under MCL 211.7o for property it owns and operates as a residential retirement facility for senior citizens. MCL 211.7o(1) provides:
 

 Real or personal property owned and occupied by a nonprofit charitable institution while occupied by that nonprofit charitable institution solely for the purposes for which that nonprofit charitable institution was incorporated is exempt from the collection of taxes under this act.
 

 The Tax Tribunal denied petitioner an exemption on the grounds that its property was not "occupied by [it] solely for the purposes for which [it] was incorporated," MCL 211.7o(1), and the Court of Appeals affirmed, relying on this Court's decisions in
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 . In those cases, this Court denied tax exemptions under MCL 211.7o to retirement
 homes on the basis that their properties were not occupied solely for the purposes for which they were incorporated. We reasoned that this requirement was only satisfied if the homes "benefit[ed] the general public without restriction,"
 
 Mich. Baptist
 
 ,
 
 396 Mich. at 671
 
 ,
 
 242 N.W.2d 749
 
 ; see also
 
 Retirement Homes
 
 ,
 
 416 Mich. at 349
 
 ,
 
 330 N.W.2d 682
 
 , and that the homes in dispute did not do so because they did not help the elderly population generally, but rather only a subset of relatively less infirm and relatively less financially needy individuals,
 
 Mich. Baptist
 
 ,
 
 396 Mich. at 671-672
 
 ,
 
 242 N.W.2d 749
 
 ;
 
 Retirement Homes
 
 ,
 
 416 Mich. at 349-353
 
 ,
 
 330 N.W.2d 682
 
 .
 

 Petitioner here argues that the Court of Appeals erred by relying on these two cases because their reasoning was effectively rejected in
 
 Baruch
 
 ,
 
 500 Mich. 345
 
 ,
 
 901 N.W.2d 843
 
 (2017). In
 
 Baruch
 
 , we addressed one of the six factors that this Court had previously laid out in
 
 Wexford Med. Group v. City of Cadillac
 
 ,
 
 474 Mich. 192
 
 ,
 
 713 N.W.2d 734
 
 (2006), for determining whether an institution is "charitable." As relevant to the instant case,
 
 Wexford
 
 held that the third of these factors is:
 

 A "charitable institution" does not offer its charity on a discriminatory basis by choosing who, among the group it purports to serve, deserves the services. Rather, a "charitable institution" serves any person who needs the particular type of charity being offered. [
 
 Id
 
 . at 215,
 
 713 N.W.2d 734
 
 .]
 

 Baruch
 
 , however, clarified that this factor only "ban[s] restrictions or conditions on charity that bear no reasonable relationship to an organization's legitimate charitable goals" and further explained that "the 'reasonable relationship' test should be construed quite broadly to prevent unnecessarily limiting the restrictions a charity may choose to place on its services."
 
 Baruch
 
 ,
 
 500 Mich. at 357-358
 
 ,
 
 901 N.W.2d 843
 
 .
 

 Petitioner contends that
 
 Baruch
 
 overruled
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 , which denied charitable tax exemptions on the basis of limitations that those institutions placed on those who could receive their services absent consideration of whether there was a reasonable relationship between those limitations and the organizations' legitimate charitable goals. The Court of Appeals rejected this argument, asserting that
 
 Baruch
 
 had exclusively addressed whether an institution was "charitable," whereas
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 addressed whether a charitable institution "occupied the premises solely for the purposes for which it was incorporated."
 
 United Methodist Retirement Communities, Inc v. City of Chelsea
 
 , unpublished per curiam opinion of the Court of Appeals, issued May 22, 2018 (Docket No. 337998), pp. 5-6,
 
 2018 WL 2324083
 
 .
 

 I would grant leave to reconsider
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 in light of
 
 Baruch
 
 for three related reasons.
 

 First
 
 ,
 
 Wexford
 
 factor three, which this Court interpreted in
 
 Baruch
 
 , was arguably derived from the same two cases (
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 ) that also supply the standard for determining whether a property is "occupied by that nonprofit charitable institution solely for the purposes for which [it] was incorporated...." MCL 211.7o(1). In
 
 Wexford
 
 , before laying out the factors relevant to determining whether an institution is "charitable," this Court analyzed
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 .
 
 Wexford
 
 ,
 
 474 Mich. at 209-212
 
 ,
 
 713 N.W.2d 734
 
 . Indeed,
 
 Wexford
 
 factor three substantially reflects the analysis that we employed in
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 . If
 
 Wexford
 
 factor three was indeed derived from the same cases that defined the standard
 for whether a property is "occupied by that nonprofit charitable institution solely for the purposes for which [it] was incorporated," MCL 211.7o(1), then our interpretation of the former in
 
 Baruch
 
 may well be relevant to the interpretation of the latter.
 

 Second
 
 , the reasoning that this Court employed in
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 is strikingly similar to the reasoning that this Court rejected in
 
 Baruch
 
 .
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 held that in order to be entitled to a tax exemption, a retirement home must serve the elderly population generally "without restriction."
 
 Mich. Baptist
 
 ,
 
 396 Mich. at 671
 
 ,
 
 242 N.W.2d 749
 
 ;
 
 Retirement Homes
 
 ,
 
 416 Mich. at 349
 
 ,
 
 330 N.W.2d 682
 
 .
 
 Baruch
 
 noted the impracticality of such a requirement, remarking that "if an institution cannot serve everyone who could benefit from the service (as most cannot), surely it will have to select its beneficiaries in some manner,"
 
 Baruch
 
 ,
 
 500 Mich. at 355
 
 ,
 
 901 N.W.2d 843
 
 , and thus rejected the conclusion that a charitable institution must "allocate[ ] its services using an arbitrary metric, such as a lottery or first-come, first-serve,"
 
 id
 
 . at 356,
 
 901 N.W.2d 843
 
 . This reasoning would seemingly apply equally in the instant context, thereby calling into question our reasoning in
 
 Mich. Baptist
 
 and
 
 Retirement Homes.
 

 Third
 
 , in light of the similarities between the analytical approaches set forth in
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 and that rejected in
 
 Baruch
 
 , the latter would be undermined considerably if the former remained good law, as a charity that would otherwise be exempt under
 
 Baruch
 
 would, far more often than not, still be denied an exemption as a result of the analyses of
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 .
 
 Baruch
 
 held that institutions are not precluded from receiving a charitable exemption merely because they are governed by standards for determining which persons-among the general population they purport to serve-will qualify for their services. See
 
 id
 
 . at 357-358,
 
 901 N.W.2d 843
 
 . However,
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 suggest that no such standards are permitted and that an institution is entitled to an exemption only if it assists "without restriction" the population it purports to serve.
 
 Mich. Baptist
 
 ,
 
 396 Mich. at 671
 
 ,
 
 242 N.W.2d 749
 
 ;
 
 Retirement Homes
 
 ,
 
 416 Mich. at 349
 
 ,
 
 330 N.W.2d 682
 
 . And an institution must satisfy both standards in order to be entitled to a charitable tax exemption. Yet
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 seemingly preclude nearly any restrictive standard as to who can receive an institution's services while
 
 Baruch
 
 allows such restrictions so long as they are "reasonable." If a charity that satisfies
 
 Baruch
 
 is nonetheless to be precluded from an exemption by
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 , then
 
 Baruch
 
 , despite being the most recent of this Court's relevant decisions, would seem to have little practical effect in giving meaning to MCL 211.7o. This uncertain relationship between these decisions suggests strongly the wisdom of giving further appellate consideration to the present dispute.
 

 Petitioner, in my judgment, raises a substantial question as to whether, in light of
 
 Baruch
 
 's rejection of an analysis substantially similar (if not identical) to this Court's analyses in
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 , these prior decisions can be maintained. The former stands for the proposition that "reasonable" standards can be applied in determining which members of the community a charitable institution purports to serve will actually be provided services, while the latter seemingly stands for the proposition that the process of applying such standards is, by itself, disqualifying as a "charitable institution." "[I]t is [this Court's] obligation to overrule
 or modify case law if it becomes obsolete, and until this Court takes such action, the Court of Appeals and all lower courts are bound by"-and, in my judgment, will be confused by-"that authority."
 
 Associated Builders & Contractors v. City of Lansing
 
 ,
 
 499 Mich. 177
 
 , 192-193,
 
 880 N.W.2d 765
 
 (2016) (quotation marks and citation omitted). I would grant leave to appeal to consider whether
 
 Mich. Baptist
 
 and
 
 Retirement Homes
 
 should be reconsidered in light of
 
 Baruch
 
 or whether these cases somehow can be reconciled.